## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

June 8, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
      Civil No. 21-2194-BAH

Dear Counsel:

On August 26, 2021, Plaintiff Joseph J. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for a period disability, disability insurance benefits, and supplemental security income benefits. ECF 1. I have considered the record in this case, Plaintiff's motion for summary judgment or alternative motion for remand, and Defendant's motion for summary judgment. ECF 8, 11, 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions for summary judgment, grant Plaintiff's alternative motion for remand, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains why.

### I.   BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on January 22, 2018. Tr. 219–20. Plaintiff also filed a Title XVI application social security insurance ("SSI") benefits on January 25, 2019. Tr. 221–29. Plaintiff initially alleged a disability onset date of May 10, 2016, which was subsequently amended to May 12, 2017. Tr. 337. Plaintiff's claims were denied initially and on reconsideration. Tr. 147–52, 157–58, 159–60. On January 17, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 55–88. Following the hearing, on February 4, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 36–54. On July 6, 2021, the Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1–6. After receiving additional evidence from Plaintiff, the AC again denied Plaintiff's request on August 11, 2021. Tr. 7–9. Therefore, the ALJ's February 4, 2020, decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process used to evaluate Plaintiff's claims. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 12, 2017. Tr. 42. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical spine; and degenerative disc disease of the lumbar spine." Tr. 42. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

*Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
Civil No. 21-2194-BAH
June 8, 2022
Page 2

      perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the
following exceptions: occasionally climbing ramps or stairs; never climbing
ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, crouching,
or crawling; avoiding concentrated exposure to vibration; and avoiding work at
unprotected heights.

Tr. 45.  The ALJ determined that Plaintiff was unable to perform past relevant work as the
following:

- sheet metal worker (Dictionary of Occupational Titles ("DOT") 804.281-010),
  which is skilled, medium work but performed at the very heavy level with a Specific
  Vocational Preparation (SVP) of seven;
- sheet metal supervisor (DOT 809.130.014), which is skilled, medium work but
  performed at the very heavy level with an SVP of eight;
- plumber (DOT 862.381-030), which is skilled, heavy work but performed at the
  medium level with an SVP of eight; and
- roofer (DOT 866.381-010), which is skilled, medium work but performed at the
  heavy level with an SVP of seven.

Tr. 48.  However, at step five, the ALJ determined that Plaintiff could perform other jobs that
existed in significant numbers in the national economy, such as

- inspector and hand packager (DOT 559.687-074), which is unskilled, light work
  with an SVP of two and with 175,000 jobs existing in the national economy;
- laundry sorter (DOT 361.687-014), which is unskilled, light work with an SVP of
  two and with 190,000 jobs existing in the national economy; and
- furniture rental clerk (DOT 295.357-018), which is unskilled, light work with an
  SVP of two and with 1,600 jobs existing in the national economy.

Tr. 49.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 50.

## II.    <u>ANALYSIS</u>

      Plaintiff's sole argument on appeal is that the ALJ erroneously evaluated Plaintiff's
subjective complaints.  Pl.'s Mem. Supp. Mot. Summ. J. 3, ECF 11-1 [hereinafter "Pl.'s Br."].
Plaintiff contends that the ALJ "erroneously required the Plaintiff to prove the type and degree of
his subjective complaints by objective medical evidence, and determined that he had not done so,
thereby improperly increasing his burden of proof."  *Id.* at 6.

      As noted, the scope of this Court's review is limited to determining whether substantial
evidence supports the ALJ's factual findings and whether the decision was reached through the
application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.
1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be
conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind
would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640,
642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."

*Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
Civil No. 21-2194-BAH
June 8, 2022
Page 3

*Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Against this backdrop, the Court considers whether the ALJ erroneously elevated Plaintiff's burden when evaluating Plaintiff's subjective complaints. Plaintiff relies on the Fourth Circuit's holding in *Arakas v. Comm'r, Soc. Sec. Admin.*, for the proposition that remand is warranted when an ALJ rejects a claimant's subjective complaints as to the intensity of their pain on the basis that their complaints are not supported by objective evidence. Pl.'s Br. 6, ECF 11-1 (citing *Arakas*, 983 F.3d 83 (4th Cir. 2020). Plaintiff cites the ALJ's finding that:

> While the record supports the presence of the alleged spinal disorders, the claimant has not submitted enough medical evidence to corroborate the intensity or effects of these impairments. The sparseness of the medical evidence suggests that the claimant has engaged in minimal treatment only and therefore that the impairments are not as severe as alleged. . . . The objective evidence of record does not reflect that the claimant's impairments have been as severe as alleged.

*Id.* at 5 (quoting Tr. 46). Plaintiff contends that despite the ALJ finding that Plaintiff has demonstrated an impairment reasonably expected to produce the type and degree of his subjective complaints, he erroneously required Plaintiff to prove the type and degree of his subjective complaints by objective medical evidence. *Id.* at 6. As such, Plaintiff argues that the ALJ improperly increased Plaintiff's burden of proof after determining that Plaintiff failed to meet said burden. *Id.*

Defendant argues that Plaintiff misconstrues *Arakas* and that "the key holding of *Arakas* does not relate to an impairment such as degenerative disc disease, but rather to 'symptoms of fibromyalgia or some other disease that does not produce [objective medical] evidence.'" Def.'s Br. 7, ECF 12-1 (hereinafter "Def.'s Br.") (quoting *Arakas*, 983 F.3d at 97). Defendant distinguishes Plaintiff's severe impairment of degenerative disc disease from fibromyalgia, the plaintiff's main severe impairment in *Arakas*, by claiming the former is "associated with objective findings that are frequently relevant to the severity of any alleged symptoms" while the latter is a "'complex medical condition characterized primarily by widespread pain' . . . and requires as part of its diagnosis the ruling out of other disorders that could cause the reported symptoms." *Id.* (quoting SSR 12-2p, 2012 WL 3104869, at *2–4 (S.S.A. July 25, 2012)). Defendant further asserts that "where a medically determinable impairment has measurable underlying objective medical findings that define it, Fourth Circuit law, and SSA regulations and guidance, offer no relief for Plaintiff: objective medical evidence is an important consideration in symptom analysis." *Id.* Defendant reads *Arakas* too narrowly.

*Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
Civil No. 21-2194-BAH
June 8, 2022
Page 4

This Court has previously recognized that when evaluating a claimant's statements,[1] an ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Carolyn L. v. Kijakazi*, Civil No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022) (quoting SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016)). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia *or some other disease that does not produce such evidence*."[2] *Id.* (citing *Arakas*, 983 F.3d at 97) (emphasis added). "In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis." *Id.* (citing *Arakas*, 983 F.3d at 83, 95–97).

Here, the ALJ states that "[w]hile the record supports the presence of the alleged spinal disorders, the claimant has not submitted enough medical evidence to corroborate the intensity or effects of these impairments." Tr. 46. Such a conclusion runs afoul of *Arakas*'s holding that an ALJ "may not relying solely on the lack of objective medical evidence to discredit a claimant's subjective complaints." *Arakas*, 983 F.3d at 97. It is well-established that Plaintiffs are entitled to "rely exclusively on subjective evidence" to prove the severity, persistence, and limited effects of their symptoms." *Id.* at 96; *see also Coreen T. v. Kijakazi*, Civil Action No. CBD-19-3372, 2022 WL 252961, at *5 (D. Md. Jan. 26, 2022) (finding that the ALJ impermissibly relied solely on objective medical findings when disregarding the plaintiff's subjective statements); *Robles v. Saul*, Civil No. 1:19-cv-03271-JMC, 2021 WL 1169028, at *5–6 (D. Md. Mar. 26, 2021) (same). In doing so, the ALJ committed a reversible error by improperly raising Plaintiff's burden. *See, e.g.*, *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL 5233565, at *5 (D. Md. Nov. 10, 2021) (citing *Arakas*, 983 F.3d at 97) ("To the extent that the ALJ stated that he considered other

---

[1] "In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test." *Carolyn L. v. Kijakazi*, Civil No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022) (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a)). "First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms." *Id.* (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)). "Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work." *Id.* (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). "At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant." *Id.*

[2] Courts in the Fourth Circuit, including this District, have rejected narrowing the scope of *Arakas* as only applying to fibromyalgia analysis. *See, e.g.*, *Karin D. v. Kijakazi*, Civil No. GLS 20-3034, 2021 WL 6197896, at *4 (D. Md. Dec. 30, 2021) ("The Fourth Circuit did not . . . limit the holding of *Arakas* to cases involving diseases with symptoms that are entirely subjective."); *Martina F. v. Saul*, Civil No. GLS 20-01724, 2021 WL (D. Md. July 8, 2021) (same); *Laffitte v. Saul*, No. 1:20CV163, 2021 WL 681102, at *9–10, (M.D.N.C. Feb. 22, 2021).

*Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
Civil No. 21-2194-BAH
June 8, 2022
Page 5

evidence, 'ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record.'").

Not only did the ALJ erroneously raise Plaintiff's burden of proving the severity of their symptoms, the ALJ failed to effectively explain *how* the objective medical evidence contradicts Plaintiff's subjective complaints. *See, e.g.*, *Robles*, 2021 WL 1169028, at * 6 (quoting *Arakas*, 983 F.3d at 96) ("What is worse, from the Court's view, is that, 'while objective medical evidence is unnecessary at the second step of the symptom-evaluation framework, such objective evidence *was present* in this case.'"). Here, the ALJ cited to examples in the record that establish "significant spinal disorders." Tr. 46. The ALJ referenced Plaintiff's "history of cervical degenerative disc disease shown in a positive MRI from 2007," and that "[t]he January 2018 lumbar MRI revealed several abnormalities including multilevel degenerative disc disease with several disc herniations and spondylotic changes." Tr. 46. Yet, the ALJ failed to adequately explain how or why other evidence in the record is more credible.

For example, the ALJ observed that "[e]ven though the claimant demonstrated neck pain and range of motion loss at the hospital visit on the amended alleged onset date, he exhibited no lumbar spine abnormalities at the time." Tr. 46 (citing Tr. 342–53). The ALJ does not explain, nor could he explain, how this statement diminishes Plaintiff's alleged severity of the pain he has experienced. The ALJ states that at a consultative examination on October 31, 2018, with Willie Yu, M.D., a physical medicine and pain management specialist, Plaintiff "demonstrated range of motion loss in the cervical and lumbar spine and diffuse cervical paraspinal tenderness bilaterally, although the tenderness was mild." Tr. 46. The ALJ improperly equates Dr. Yu's observation of "mild form of diffuse tenderness in the cervical paraspinal muscles" as evidence that the pain associated with such tenderness is not as severe as Plaintiff alleges. Tr. 399. This is presumably the exact type of speculation that the Fourth Circuit has consistently held to be reversible error. Therefore, similar to this Circuit's holding in *Arakas* and its progeny, the Court finds that the ALJ erroneously increased Plaintiff's burden and relied solely on objective medical evidence to discount Plaintiff's subjective complaints, warranting remand.

Furthermore, the Court is particularly concerned by the ALJ's statement that "[t]he sparseness of the medical evidence suggests that the claimant has engaged in minimal treatment only and therefore the impairments are not as severe as alleged." Tr. 46. The ALJ cites that following as support for their conclusion:

> The claimant has stated that he participated in massage or physical therapy, but the record does not contain such notes. Even with this primary care treatment, there is a large treatment gap between May 2017 and January 2018 and between February 2018 and November 2018. The record shows that he has merely treated with medication management through his primary care physician. There is no cervical spine radiography contained in the record.

Tr. 46. It is unclear if the ALJ is insinuating that a lack of treatment notes conflicts with Plaintiff's testimony that he "attempted massage therapy but it was not effective (see Ex. 5F)," Tr. 46, or that the absence of such notes is evidence that Plaintiff's pain is not as severe as he alleges. Either

*Joseph J. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec. Admin.*
Civil No. 21-2194-BAH
June 8, 2022
Page 6

way, the ALJ does not support this conclusion with substantial evidence, precluding meaningful review by this Court.[3]  Moreover, the ALJ erroneously equated a lack of primary care treatment notes during said time period as evidence that Plaintiff's pain is not as severe as he alleges.[4]  It is unclear whether the ALJ considered that Plaintiff "was arrested in July 2017 with a charge of theft," Tr. 387, or that "[o]ver the last three months, he has been staying as an inpatient in Well's House" for substance abuse treatment, all of which could reasonably account for a lack of primary care treatment notes.  While the Fourth Circuit found that the ALJ erred in determining that the plaintiff's subjective complaints were inconsistent with her treatment record in *Arakas*, the ALJ in this case failed to support such a finding with substantial evidence under the correct legal standard, precluding meaningful review by this Court.  Therefore, remand is necessary.

On remand, the ALJ should explicitly explain how the evidence supports their conclusion that Plaintiff's subjective complaints are not entirely consistent with the medical evidence, providing an accurate and logical bridge from the evidence to such a conclusion.  *See, e.g.*, *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

### III.    <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED, Defendant's Motion for Summary Judgment, ECF 12, is DENIED, and Plaintiff's alternative motion for remand, ECF 11, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[3] *See Arakas*, 983 F.3d at 102 (citing SSR 16-3p, 2016 WL 1119029, at *8) ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, [or] referrals to specialists, . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent."); *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

[4] In a July 30, 2018, disability report, Plaintiff reported a worsening of his medical conditions around May 2018 because "my back seems to get worse by the day.  I've become depressed because of my condition and pain."  Tr. 286.  The report also shows Plaintiff visited his primary care provider, Dr. Menocol, in July 2018 for "exam, medication, referrals."  Tr. 288.  Plaintiff also stated that he is unable to take pain medication "that most people in my condition would be able to because of my addiction issues.  I've been getting shooting pain down my legs.  I thought my condition might improve [ ] the last year, but it got worse and by the day it gets worse."  Tr. 291.